The following appears in Terri L. Shaddrix's brief:
 "The unique character of wantonness, and evidence necessary for it to be established, was very thoroughly treated by this Court in its recent decision of Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala. 1987). In that decision, this Court made it perfectly clear that wantonness, which requires some degree of conscious culpability, is not to be confused with negligence, i.e., mere inadvertence. We respectfully submit unto the Court that the only evidence that was before the trial judge in the present case was that of inadvertence on the part of defendant Shaddrix, and that there was absolutely no evidence of conscious malfeasance or nonfeasance.
 "As this Court stated in Lynn Strickland, supra:
 " 'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.' [510 So.2d at 145.] (Emphasis added.)
 "Thus, the Court warned against blurring these two totally distinct concepts.
 "Furthermore, this Court made it perfectly clear that it is the element of intent
that distinguishes wantonness from negligence. There is absolutely no evidence whatsoever of any intent of defendant Terri Shaddrix to commit an act, or omission, which would likely result in injury. Thus, the following quote from the Lynn Strickland decision seems particularly appropriate:
 " 'The element of intent, or knowledge, is not present in simple negligence, and the element of intent does not raise a person's conduct to merely a greater degree of negligence as, for instance, gross negligence.'
 "Id. at 510 So.2d 145. Moreover, the only inference whatsoever from the evidence in this case is that Terri Shaddrix *Page 233 
entered this intersection inadvertently, unaware of the danger present when she did so. Clearly, this is negligence under Alabama law, and not wantonness. As stated by this Court in Lynn Strickland, supra:
 " 'Negligence is usually characterized as inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. 'Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.' (Emphasis added.)
 "Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d at 145. Where is there any evidence whatsoever in the record which characterizes the 'state of mind' or knowledge of defendant Shaddrix at the moment she started into the intersection? There simply is no evidence from which any reasonable inference could be drawn in this regard.
 "Finally, the Court in Strickland
warned all of us again not to confuse negligence and wantonness, stating:
 " 'Willful and wanton conduct has a well-defined meaning at law. It is sometimes expressed in terms of "reckless disregard of the safety of another." Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as "unmixable as oil and water.' " (Emphasis the Court's.)
 "In effect, the plaintiff is calling upon this Court to ignore this important distinction between negligence and wantonness. It is especially important in this case, however, that the Court not do so, since this case involves a defense under the Alabama Guest Statute. Nowhere in that statute is there any provision for recovery of a plaintiff for any form of negligence whatsoever, whether it be simple negligence or gross negligence. Rather, the statute quite clearly limits recovery of a guest under the statute to situations where: '. . . injuries or death are caused by the willful or wanton misconduct of such operator.' (Emphasis added.)
 "It is extremely clear, therefore, that under the facts of this case, and [under] the law of the State of Alabama, that the trial court was absolutely correct in granting a directed verdict in favor of defendant Terri Shaddrix on the wantonness counts contained in the plaintiff's complaint."
I agree with Ms. Shaddrix's analysis of the evidence, using the Lynn Strickland standard. However, I dissented in Lynn Strickland, at 147-51, for I do not believe that:
 " 'Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term 'negligence,' which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.' "
Lynn Strickland, at 146.
In my dissent in Lynn Strickland, at 149, I wrote:
 "Since I view negligence as conduct, I would hold that the same action or inaction which constitutes negligence also constitutes wantonness if the tort-feasor is conscious of his inaction or action and is conscious that by such inaction or action injury will likely or probably result."
In this case, there is a scintilla of evidence that comports with my legal conception of wantonness, though I agree with Ms. Shaddrix that there is not a scintilla that comports with the conception of wantonness as expressed by the majority of this Court in Lynn Strickland.
Because I still adhere to my concept of wantonness, I concur in the result. *Page 234